# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DIANA RILEY, ) | No. 9:14-cv-3229-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's (the "Commissioner") decision denying plaintiff Diana Riley's ("Riley") application for disability insurance benefits ("DIB"). Riley filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.   Procedural History

Riley filed an application for DIB on December 2, 2010, alleging disability beginning April 1, 2009. The Social Security Agency denied Riley's claim initially and on reconsideration. Riley requested a hearing before an administrative law judge ("ALJ"), and ALJ Peggy McFadden-Elmore held a hearing on January 16, 2013. The ALJ issued a decision on March 1, 2013, finding that Riley was not disabled under the Social Security Act. Riley requested Appeals Council review of the ALJ's

1

decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On August 12, 2014, Riley filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on September 8, 2015, recommending that this court affirm the ALJ's decision. Riley filed objections to the R&R on September 15, 2015, and the Commissioner responded to Riley's objections on September 25, 2015. The matter is now ripe for the court's review.

### B.     Medical History

Because Riley's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Riley was born on June 11, 1949 and was 59 years old at the time of her alleged disability onset date. She communicates in English and has a high school education.

### C.     ALJ's Decision

The ALJ employed the statutorily required five-step sequential evaluation process to determine whether Riley was disabled from April 1, 2009 through December 31, 2011, her date last insured. The ALJ first determined that Riley had not engaged in substantial gainful activity during the relevant time period. Tr. 15. At step two, the ALJ found that Riley suffered from the following severe impairments: obesity, degenerative disc disease, back pain, status post total left knee replacement, status post right knee arthroscopy, and bilateral leg and knee pain. Id. At step three, the ALJ determined that Riley's impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings"). Tr. 17; see 20 C.F.R. § 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined

that Riley had the residual functional capacity ("RFC") to perform sedentary work, as defined by 20 C.F.R. § 404.1567(a).[1]  Tr. 17.  Additionally, the ALJ determined that Riley could occasionally climb ramps or stairs, balance, and stoop, but could never kneel, crouch, or crawl, could never climb ladders, ropes, or scaffolds, and must avoid concentrated exposure to extreme cold, vibration, and hazards such as machinery and heights.  Id.  At step four, the ALJ found that Riley was able to perform past relevant work as an order clerk/complaint clerk, secretary, and purchasing agent, and therefore concluded that she was not disabled during the period at issue.  Tr. 22.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are

---

[1]  Although the ALJ's RFC assessment lacks the word "sedentary," it comports with the regulation's definition of "sedentary."  Compare Tr. 17 ("[T]he claimant had the [RFC] to perform work with the following limitations:  lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk at least 2 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday . . . ."), with 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."); Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir. 1984) (quoting Dictionary of Occupational Titles and stating that sedentary work implies capacity to stand and walk for up to 2-3 hours per 8-hour day).

supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)

### III.   DISCUSSION

Riley objects to the R&R on the following two grounds, arguing that the magistrate judge erred in finding that: (1) the ALJ did not improperly restrict Riley's counsel's cross-examination of the vocational expert; and (2) the ALJ properly assessed Riley's RFC. The court will address the each objection in turn.

####   A.     Cross-Examination of Vocational Expert

Riley first contends that the ALJ improperly restricted her right to cross-examine the vocational expert at the hearing by stating that no cross-examination was allowed at an administrative hearing, preventing her counsel from asking questions related to testimony previously given, and engaging in a number of speaking objections. Pl.'s Objections 3. The magistrate judge concluded that, despite the

4

ALJ's interruptions, Riley's counsel was able to question the vocational expert effectively. R&R 27. The magistrate judge further concluded that even if the ALJ erred with respect to the vocational expert's testimony, such error was harmless because the ALJ determined that Riley was able to perform types of past relevant work ("PRW") which were unrelated to the issues Riley sought to challenge through cross-examination, thereby resolving the matter without reference to the allegedly tainted testimony.[2] Id.

At an administrative hearing, the parties and their representatives are entitled to ask witness "any questions material to the issues." 20 C.F.R. § 416.1450(e); see also Richardson v. Perales, 402 U.S. 389, 410 (1971) (recognizing that authors of consultant reports in social security hearings are subject to the use of subpoena and consequent cross-examination). Thus, it is clear that Riley had a right to cross-examine the vocational expert. However, in this case, the record reveals that any violation of Riley's right to cross-examination dealt with a very limited issue—the characterization of her PRW as a "secretary" and as a "purchasing agent/tool cribber." Tr. 77–82. The disputed exchange began when Riley's counsel asked if the secretary and purchasing agent positions were more properly characterized as composite jobs, rather than jobs that could be characterized under a single Dictionary of Occupational Titles ("DOT") number.[3] Tr. 78. The ALJ eventually took control of the situation and had the vocational expert clarify his testimony that Riley's

---

[2] If a claimant is capable of performing her PRW either as she performed it in the past or as it is generally required by employers in the national economy, the claimant is not considered disabled. Collier v. Colvin, No. 9:13-cv-3323-DCN, 2015 WL 1519796, at *3 (D.S.C. Mar. 30, 2015).

[3] "Composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." Plumb v. Astrue, No. 8:10-cv-03090, 2012 WL 768058, at *6 (D.S.C. Mar. 7, 2012).

"secretary" job was not a composite job, while Riley's other jobs were composite jobs—one a combination of "purchasing agent and tool cribbing" and the other a combination "customer complaint clerk, [and] order clerk."[4] Id. at 79–80. After another brief exchange with Riley's counsel, the ALJ stated : "You cannot combine [the secretarial position] with anything else. The ones that [the vocational expert] combined together you can question him about that, the individual ones you can question him about that but you cannot combine the individual ones to ask him questions." Id. at 81. Following this exchange, Riley's counsel continued to question the vocational expert on other matters.

At no point did counsel give any indication that he wished to challenge the vocational expert's characterization of the complaint clerk/order clerk position. Nor has Riley advanced any such argument in connection with this motion.[5] See Pl.'s Mot. 3–10. This is crucial, because the ALJ ultimately found that Riley was capable of performing her PRW as a customer complaint/order clerk, as a secretary, and as a purchasing agent. Tr. 22. Thus, even if the ALJ improperly restricted Riley's right to cross-examination, this error only affects the ALJ's PRW findings as to the secretary and purchasing agent positions. Because the ALJ's finding as to the customer complaint clerk/order clerk position was independently sufficient to deny Riley's DIB

---

[4] The vocational expert also mentions a "store manager" job, Tr. 80, but this appears to have just been a reference to Riley's characterization of the complaint/order clerk job.

[5] The only argument Riley has made relating to the complaint clerk/order clerk position is that it required extensive reading and contact with the public, and thus, the ALJ's failure to properly consider Riley's vision and mental impairments was prejudicial. See Pl.'s Mot. 10. This argument was not explicitly renewed in Riley's objections, and to the extent it was incorporated into the objection regarding the RFC analysis, it has been dealt with below.

application, Riley cannot prove that she was prejudiced by her alleged inability to cross-examine the vocational expert.[6]

Therefore, Riley's first objection fails.

### B.     RFC Assessment

Riley also contends that the ALJ erred in failing to perform a function-by-function comparison of the duties of Riley's past relevant work with her RFC. Pl.'s Objections 8. Though Riley styles this objection as a challenge to the ALJ's RFC determination, the objection focuses on the relationship between her RFC and the functional requirements of her PRW. Pl.'s Objections 8–9. The magistrate judge found no error in the ALJ's RFC and PRW analyses, noting that the ALJ included the requisite "narrative discussion" of medical and non-medical evidence, made findings of fact as to Riley's RFC, and made determinations as to the demands of Riley's past work. R&R 23–24.

At the fourth step of the disability inquiry, a claimant will be found "not disabled" if she is capable of performing her PRW either as she performed it in the past or as it is generally required by employers in the national economy. Collier, 2015 WL 1519796, at *3 (citing Titles II & XVI: Past Relevant Work-the Particular Job or the Occupation As Generally Performed, SSR 82-61 (S.S.A. 1982)). "In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:"

1. A finding of fact as to the individual's RFC.

---

[6]     Because Riley cannot prove that she was prejudiced by this alleged error, the court declines to offer an opinion on whether it was error at all.

> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen., SSR 82-62 (S.S.A. 1982). When making the initial RFC determination, "the RFC must not be expressed [] in terms of the exertional categories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work." Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996). Such categories may not be compared to the specific functions required by a claimant's PRW as it was actually performed. Id. Exertional categories may be used to determine whether a claimant is able to perform PRW as it is generally performed in the national economy. Id. However, SSR 96-8P cautions that:

> without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.

Id.

Despite these references to a "function-by-function assessment," the Fourth Circuit has clarified that there is no per se rule requiring such an analysis in every case. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). The Mascio court recognized that such a requirement would be "'futile' in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" Id. Nevertheless, the Mascio court went on to find that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's

8

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quoting Cichocki, 729 F.3d at 177)).

Here, the ALJ assessed the available medical and non-medical evidence in determining Riley's RFC.  Tr. 18–20.  The ALJ specifically accounted for: (i) the treatment records from at least five separate physicians; (ii) an RFC assessment completed by Lake Murray Family Medicine; and (iii) non-medical evidence regarding Riley's daily activities.  Id.  The court has not found, and Riley has not identified, any relevant functions or contradictory evidence that the ALJ failed to address.  As noted above, the ALJ stated her RFC finding in functional terms, making it easy to see that she accounted for every functional component in the definition of "sedentary" work.  See 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."); Wilson, 743 F.2d at 221 (quoting DOT and stating that sedentary work implies capacity to stand and walk for up to 2–3 hours per 8-hour day).  Thus, this is not a case like Mascio, where the ALJ erred in conducting the RFC analysis itself.  See Mascio, 780 F.3d at 636–37 (explaining that the ALJ's failure to assess claimant's ability to perform functions over time and failure to address conflicting evidence in the record prevented the court from conducting any meaningful review).

Instead, the alleged deficiency relates to the second and third findings required under SSR 82-62 regarding "the physical and mental demands of the past job/occupation," and whether "the individual's RFC would permit a return to his or her past job or occupation." The ALJ relied on the vocational expert's testimony to find that: (i) Riley's past work as a customer complaint clerk was sedentary, semi-skilled work, as generally performed and as actually performed; (ii) Riley's past work as an order clerk was sedentary, semi-skilled work, as generally performed and as actually performed;[7] (iii) Riley's past work as a secretary was sedentary, skilled work as generally performed; and (iv) Riley's past work as a purchasing agent was sedentary, semi-skilled work as generally performed.[8] Tr. 22. The ALJ then relied on the vocational expert's testimony to find that, because Riley's RFC permitted her to engage in sedentary work, she was able to perform any one of these jobs. Id.; see also Tr. 69 (vocational expert indicating that Riley could perform complaint clerk/order clerk because "such work was performed within sedentary parameters").

In reaching this conclusion, the ALJ did not make any findings as to the specific tasks required to perform each job, simply relying on the exertional categories and DOT numbers supplied by the vocational expert. Id. The ALJ's failure to make any such findings was error with respect to the "as actually performed" determinations. As noted above, SSR 96-8P indicates that when an RFC is expressed in terms of exertional categories, it cannot be compared to the particular

---

[7]    The court notes that the "customer complaint clerk" job and the "order clerk" job were actually the same job. Tr. 68. The vocational expert simply determined that it was a composite job comprised of those two basic functions. Id.

[8]    The ALJ also found that the secretary job was light work as actually performed by Riley and that the purchasing agent job was medium work as actually performed by Riley, Tr. 22, however, because Riley's RFC did not permit such her to engage in such work, these findings were not relevant to the ALJ's ultimate decision.

requirements of a claimant's PRW as it was actually performed.  Compare SSR 96-8P ("[T]he RFC must not be expressed initially in terms of the exertional categories [] because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.").  Even if one compares the ALJ's functional phrasing of the RFC with the vocational expert's testimony—which contained at least some assessment specific job functions to determine the appropriate exertional categories—it is impossible to match Riley's functional capacity to the specific requirements of her PRW as actually performed.  See Tr. 17 ("[T]he claimant had the [RFC] to perform work with the following limitations:  lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk at least 2 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday . . . .") with Tr. 67 (noting that in composite job as customer complaint/order clerk Riley "took orders, handled complaints, and responded to inquiries").  Without outlining how the specific requirements of Riley's actually performed PRW compared to her RFC, the ALJ failed to provide a clear indication of how specific evidence leads to her conclusions.  See SSR 82-62 ("The rationale for a disability decision must be written so that a clear picture of the case can be obtained.  The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.").

   Nevertheless, the ALJ also used this analysis to find that Riley could perform her PRW as it was generally performed in the national economy.  Tr. 22; see also Tr. 68–77 (vocational expert's testimony comparing the "sedentary" nature of the PRW to a variety of hypothetical RFCs).  SSR 96-8p makes it clear that a claimant's RFC can be phrased in terms of an exertional category when making this type of

assessment. See SSR 96-8p ("RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy."). Other courts in this district have recognized that this sort of analysis is sufficient—though perhaps not ideal. Duren v. Colvin, No. 6:13-cv-3142, 2015 WL 1268163, at *4 (D.S.C. Mar. 19, 2015) (affirming ALJ decision over objection that "the ALJ did not provide specific findings or analysis regarding the physical and mental demands of the [PRW]" where ALJ "provid[ed] a DOT number and occupational title that correspond[ed] with the plaintiff's [PRW]" and "relied on the testimony of the [vocational expert] that the [PRW] involved physical and mental demands that were consistent with the plaintiff's RFC"); Robinson v. Astrue, No. 8:11-CV-03375, 2013 WL 625583, at *13–14 (D.S.C. Jan. 23, 2013) report and recommendation adopted, 2013 WL 633590 (D.S.C. Feb. 20, 2013) (noting that "a [vocational expert] may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work" and 'the ALJ is permitted to rely on the general job categories of the DOT as presumptively descriptive of a claimant's prior work"). Though SSR 96-8p cautions that a failure to make a function-by-function assessment risks ignoring certain facets of work at a given generalized exertional level that were not required by the claimant's past work, see SSR 96-8p, that concern was addressed by the ALJ's initial RFC assessment, which accounted for each functional element of "sedentary" work. See Tr. 17. Because the ALJ based her conclusion that Riley could perform

her PRW as it was generally performed in the national economy on a valid determination that Riley had the RFC to perform "sedentary" work, the ALJ's conclusion was not in error.

Therefore, Riley's second objection fails.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

 

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 31, 2016**
**Charleston, South Carolina**